# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF IDAHO

_____

| | |
|---|---|
| In Re:<br><br>Joseph S. Visser and<br>April McGovern Visser,<br><br>　　　　　Debtors. | Bankruptcy Case<br>No. 11-41345-JDP |

_____

| | |
|---|---|
| Gary L. Rainsdon,<br>Chapter 7 Trustee,<br><br>　　　　　Plaintiff,<br>vs.<br><br>Joseph S. Visser and<br>April McGovern Visser, and<br>Derrick Hope,<br><br>　　　　　Defendants. | Adv. Proceeding<br>No. 12-8043-JDP |

_____

## MEMORANDUM OF DECISION
_____

**Appearances:**

　　Daniel C. Green, RACINE, OLSON, NYE, BUDGE & BAILEY, CHARTERED, Pocatello, Idaho, Attorney for Plaintiff.

MEMORANDUM OF DECISION – 1

Ron Kerl, COOPER & LARSEN, CHARTERED, Pocatello, Idaho Attorney for Defendant Derrick Hope.

Brent T. Robinson, ROBINSON, ANTHON & TRIBE, Rupert, Idaho, Attorney for Defendants Joseph S. Visser and April M. Visser.

## *Introduction*

At the pre-trial conference conducted on January 14, 2013, the Court, acting *sua sponte*, asked the parties to consider and take a position concerning the Court's constitutional authority to enter a final judgment and orders in this adversary proceeding in the light of the Ninth Circuit's decision in *Exec. Benefits Ins. Agency v. Arkison (In re Bellingham Ins. Agency, Inc.)*, 702 F.3d 553 (9th Cir. 2012). The Court also asked the parties to address an issue raised in the answer to the complaint filed by Defendant Derrick Hope ("Hope") questioning this Court's subject matter jurisdiction over the adversary proceeding. The Court allowed the parties time to file briefs regarding these matters. Hope filed his brief on January 24, 2013. Adv. No. 12-8043, Dkt. No. 24. Plaintiff Rainsdon filed a responsive brief

MEMORANDUM OF DECISION – 2

on February 21, 2013. Adv. No. 12-8043, Dkt. No. 25.[1]

The Court issues this decision to resolve the questions noted above.[2]

*Facts*

On May 14, 2012, Plaintiff, chapter 7 trustee Gary L. Rainsdon ("Trustee"), filed an adversary complaint against Defendants, debtors Joseph S. Visser and April M. Visser ("Debtors") and Hope. Adv. No. 12-8043, Dkt. No. 1.[3] As to Hope, the complaint alleges that Debtors sold Hope five snowmobiles, a motorcycle, and an all-terrain vehicle between April and December 2010. However, the complaint alleges, that as of August 12, 2011, the date Debtors filed their bankruptcy petition, Bankr. No. 11-41345, Dkt. No. 1, the certificates of title to these vehicles were still in the Debtors' names, according to the title information Trustee obtained

---

[1] Debtors, who have not disputed the Court's subject matter jurisdiction or constitutional authority to enter a final judgment in this action, filed no brief.

[2] To the extent necessary, this Memorandum constitutes the Court's findings of fact and conclusions of law. Fed. R. Bankr. P. 7052.

[3] Trustee amended the complaint, with leave of the Court, on November 5, 2012, to add a claim for relief against Hope, and to make edits to the original complaint. Adv. No. 12-8043, Dkt. No. 13. The Court refers to the amended complaint herein as "the complaint."

MEMORANDUM OF DECISION – 3

from the Idaho Transportation Department. Based on these facts, Trustee's complaint states three claims for relief: (1) Count 1, against Debtors and Hope, prays for a declaratory judgment that the vehicles sold to Hope, together with another vehicle not listed in Debtors' schedules,[4] are property of the bankruptcy estate; (2) Count 2, against Hope, invokes § 544(a), and seeks to avoid Hope's interest in the vehicles transferred to him prepetition; and (3) Count 3, against Debtors and Hope, requests that this Court order, pursuant to § 542, that the Defendants turn over of the vehicles to Trustee.

Hope filed an answer to the complaint on November 6, 2012. Adv. No. 12-8043, Dkt. No. 14.[5] In the answer, Hope asserts a number of defenses to Trustee's complaint. *Id.* Of particular importance is the "Fifth Affirmative Defense," which states:

---

[4] The complaint alleges that Debtors failed to disclose their interest in a 1940 Dodge vehicle in their schedules.

[5] Debtors answered the complaint on December 12, 2012. Adv. No. 12-8043. As stated previously, Debtors do not raise the issue of subject matter jurisdiction or constitutional authority in their answer.

MEMORANDUM OF DECISION – 4

> The Trustee's complaint against Defendant Hope is not a 'core proceeding' as that term is defined by law. As a consequence of Article III of the United States Constitution, the Bankruptcy Court lacks subject matter jurisdiction over the claims of the Trustee against the Defendant Hope, or his property rights in the disputed motor vehicles, all of which are protected by the Fifth Amendment of the United States Constitution.

*Id.* at 3.  In his brief, Hope points out he is not a creditor of the bankruptcy estate, and based on *In re Bellingham* and other cases, he argues this Court lacks the constitutional authority to enter a final judgment and orders in the adversary proceeding concerning Trustee's claims against him.[6]  Adv. No. 12-8043, Dkt. No. 24 at 6.  Instead, Hope insists that only an Article III court may hear and decide Trustee's rights in the property in question.  *Id.* at 5-6.

*Analysis and Disposition*

**I. Applicable Law**

A.  Subject Matter Jurisdiction and Statutory Authority

---

[6] Hope, in his brief and answer, refers to the bankruptcy court's subject matter jurisdiction over this proceeding, and its authority to enter final orders and a judgment, interchangeably.  Of course, these concepts are distinct, as is discussed below.

MEMORANDUM OF DECISION – 5

Congress granted the district courts nonexclusive subject matter jurisdiction over "all proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b). Congress has also granted district courts the authority to refer such proceedings to a bankruptcy judge. 28 U.S.C. § 157(a); *see also Deitz v. Ford (In re Deitz)*, 469 B.R. 11, 17 (9th Cir. BAP 2012) (discussing these statutory provisions). Based on that authority, the District Court for the District of Idaho has "refer[red] to the Bankruptcy Judges of this District all cases under Title 11 and all proceedings arising under Title 11 or arising in or related to cases under Title 11." Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges, Third Amended General Order No. 38 (D. Idaho 1995).

Under 28 U.S.C. § 157(b)(1), a bankruptcy court may hear and finally determine, subject only to appellate review under 28 U.S.C. § 158, any proceeding referred to it by the district court that constitutes a "core proceeding" as defined in 28 U.S.C. § 157(b)(2). In 28 U.S.C. § 157(b)(2), "core proceedings" are identified in a nonexclusive list. Among the listed "core proceedings" are "matters concerning the administration of the

MEMORANDUM OF DECISION – 6

[bankruptcy] estate" and "orders to turn over property of the estate." 28 U.S.C. §§ 157(b)(2)(A) & (E). Additionally, "core proceedings" include those "affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor . . . relationship . . . ." 28 U.S.C. § 157(b)(2)(O).

### B. Constitutional Authority

Even if Congress has designated matters as a core proceeding, the bankruptcy court may nonetheless lack the constitutional authority to render final orders or a judgment in that action. *Stern v. Marshall*, 131 S. Ct. 2594, 2611 (2011). In *Stern,* the Supreme Court decided that a state law counterclaim by the bankruptcy estate against a creditor could not be finally decided by the bankruptcy court notwithstanding 28 U.S.C. § 157(b)(2)(C), which designated such a proceeding as core. *Id.* at 2614. The Bankruptcy Appellate Panel of the Ninth Circuit succinctly summarized the grounds of the *Stern* holding:

> Despite the fact that the bankruptcy court was statutorily authorized to enter a final judgment on the counterclaim . . . the Supreme Court held [in *Stern*] that the bankruptcy court was not constitutionally authorized to do so for at least three reasons: (1) the claim arose solely under state

MEMORANDUM OF DECISION – 7

> law and was unrelated to and did not need to be resolved in order to determine the creditor's claim against the bankruptcy estate; (2) the claim at issue did not fall within the public rights exception; and (3) the parties did not unanimously consent to a final adjudication by a non-Article III tribunal.

*Resource Funding, Inc. v. Pac. Continental Bank (In re Washington Coast I, LLC)*, 485 B.R. 393, 403 (9th Cir. BAP 2012) (internal citations omitted).

The Court noted in *Stern* that its holding was a "narrow one" that found in "one isolated respect" that Congress had overstepped its bounds in granting bankruptcy courts the final authority to adjudicate the state law counterclaim. *Stern*, 131 S. Ct. at 2620. However, in applying *Stern*, the Ninth Circuit recently determined that another type of "core proceeding," a fraudulent transfer action by a trustee against a non-creditor of the bankruptcy estate, *see* 28 U.S.C. § 157(b)(2)(H)), suffered from the same constitutional defect, and thus, the bankruptcy court was unable to render final orders and a judgment in that matter without the express or implied consent of the defendant. *Exec. Benefits Ins. Agency v. Arkison (In re Bellingham Ins. Agency, Inc.)*, 702 F.3d 553, 565 (9th Cir. 2012). In so holding,

MEMORANDUM OF DECISION – 8

the Ninth Circuit explained that *Stern* should be applied with reference to the reasoning of another Supreme Court decision, *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33 (1989). *Id.* at 561.

*Granfinanciera* considered whether a non-creditor defendant in a fraudulent conveyance action under § 548(a) had a right to a jury trial, as provided by the Seventh Amendment to the U.S. Constitution. *Granfinanciera*, 492 U.S. at 50. The Supreme Court held that the defendant did indeed have such a right. *Id.* at 56. In reaching this conclusion, the Court observed that "Congress may only deny trials by jury in actions at law . . . in cases where 'public rights' are litigated." *Id.* at 51. In determining whether fraudulent conveyance actions were a "public right" the Court stated they were "quintessentially suits at common law that more nearly resemble state law contract claims brought by a bankrupt corporation to augment the bankruptcy estate than they do creditors' hierarchically ordered claims to a pro rata share of the bankruptcy res." *Id.* at 56. As a result, the Supreme Court determined that these actions were "more accurately characterized as a private right rather than a public

MEMORANDUM OF DECISION – 9

right." *Id.* at 55.

It is also useful to recall that, prior to *Stern*, the Supreme Court has instructed that "[b]ankruptcy jurisdiction, at its core, is *in rem*." *Cent. Virginia Comm. Coll. v. Katz*, 546 U.S. 356, 362 (2006). The "[c]ritical features of every bankruptcy proceeding are the exercise of exclusive jurisdiction over all the debtor's property, the equitable distribution of that property among the debtor's creditors, and the ultimate discharge that gives the debtor a 'fresh start' by releasing him, her, or it from further liability for old debts." *Id.* at 364 (quoting *Local Loan Co. v. Hunt*, 292 U.S. 234, 244 (1934)).

**II. Application of Law to the Facts**

    A. This Court's Subject Matter Jurisdiction and Statutory Authority over this Adversary Proceeding

28 U.S.C. § 1334(b) grants nonexclusive subject matter jurisdiction over this adversary proceeding to the District Court for the District of Idaho because it is one arising under the provisions of the Bankruptcy Code. At bottom, Trustee's complaints seeks a declaration of rights, as

MEMORANDUM OF DECISION – 10

between the bankruptcy estate and Hope, in the vehicles. To make this decision, the Court must interpret and apply § 541(a) of the Code, in conjunction with applicable state motor vehicle title laws. It must also decide whether, assuming Hope has legal rights in the vehicles, those rights may be avoided by Trustee under § 544(a), and whether, if Trustee prevails, Hope must surrender possession of the vehicles to Trustee. As a proceeding "arising under" the Code, the District Court for the District of Idaho, in 1995, has referred it to the bankruptcy judges of this District pursuant to the Third Amended General Order No. 38. And as characterized in *Katz*, here, the bankruptcy court is asked to exercise its jurisdiction over the property alleged to be that of Debtors, so that it may be liquidated and its proceeds equitably distributed to the creditors.

Further, under 28 U.S.C. §§ 157(b)(2)(A), (E), and (O), this action is a core proceeding. Trustee seeks to establish that the vehicles are property of the bankruptcy estate, and to recover those vehicles so they may be sold in his administration of the bankruptcy estate.

Clearly, then, the district court, and by its reference, this Court, has

MEMORANDUM OF DECISION – 11

both subject matter jurisdiction and the statutory authority to enter final orders and a judgment in this proceeding.

### B. This Court's Constitutional Authority to Enter a Final Judgment

As noted above, *Stern*'s "narrow" holding applied only in "one isolated respect" to a state law counterclaim under 28 U.S.C. § 157(b)(2)(C). And *In re Bellingham* involved 28 U.S.C. § 157(b)(2)(H), a § 548(a) fraudulent transfer action maintained by a trustee against a non-creditor defendant. Neither of those sections are in play in this proceeding. Instead, in this proceeding, Trustee asks the Court to determine whether the items in question are property of the bankruptcy estate under § 541, and if so, seeks a turnover of the property under § 542, and/or avoidance of Hope's interest in such property pursuant to § 544(a).

Bankruptcy courts outside this circuit have determined that they have the constitutional authority to enter a final judgment in adversary proceedings where the issue to be decided was whether certain property was property of the bankruptcy estate subject to a turnover. *See Geron v. Peebler (In re Pali Holdings, Inc.)*, No. 11-02912, ___ B.R. ___ (Bankr. S.D.N.Y.

MEMORANDUM OF DECISION – 12

Mar. 25, 2013) (stating, "the reported post-Stern decisions have overwhelmingly held that bankruptcy judges can constitutionally enter final judgments in turnover actions[]" for property that "*already* is property of the estate" which "in turn, invokes the court's *in rem* jurisdiction over the bankruptcy *res*.") (emphasis in original); *Murphy v. Felice (In re Felice)*, 480 B.R. 401, 418 (Bankr. D. Mass. 2012) (holding that an action under § 541 "stems from the bankruptcy itself" and is not an action to "augment the bankruptcy estate" thus "a bankruptcy judge may decide the issue without wielding the judicial power of the United States and can enter final judgment."); *Velo Holdings, Inc. v. Paymentech, LLC (In re Velo Holdings, Inc.)*, 475 B.R. 367, 387-88 (Bankr. S.D.N.Y. 2012) (collecting cases and noting that determination of what is property of the bankruptcy estate "is an essential part of administration of the bankruptcy estate and stems from the bankruptcy itself" and holding that it had the constitutional authority to enter final orders and judgment in the proceeding). Similarly, a trustee's exercise of its avoidance power under § 544(a) have been found to be an action to preserve property of the bankruptcy estate and thus the

MEMORANDUM OF DECISION – 13

bankruptcy court had the constitutional authority to enter final judgments and orders in adversary proceedings invoking that provision of the Bankruptcy Code.  *See DeGiacomo v. Traverse (In re Traverse)*, 485 B.R. 815, 819 (1st Cir. BAP 2013); *In re Salander O'Reilly Galleries*, 453 B.R. 106, 123-24 (Bankr. S.D.N.Y. 2011).

In this case, although a non-creditor third party is one of the targets of Trustee's claims, and is purportedly in possession of property of the estate, the involvement of that party does not alone limit this Court's constitutional authority to determine what is property of the bankruptcy estate.  Therefore, the Court finds it has the constitutional authority to render final judgments and orders in this adversary proceeding because this is not an action to "augment the estate" as pointed out in *Stern* and in *Granfinanceria*; rather, this is an action to determine the extent of the "bankruptcy res," to eventually be distributed to creditors.  *See In re Felice*, 480 B.R. at 418 (stating "[i]f the Trustee successfully establishes that [the property in question] is property of the estate, his action will not have augmented the estate with an asset belonging to a third party.  Rather, it

MEMORANDUM OF DECISION – 14

will merely have established that [the debtor's] interest in [the property] is not excluded from the estate by § 541(c)(2) . . . ."). This conclusion is consistent with the authority cited above, and the broad language of the Supreme Court in *Katz*.[7] If every bankruptcy proceeding requires the "exercise of exclusive jurisdiction over all the debtor's property [and] the equitable distribution of that property among the debtor's creditors" a bankruptcy court must surely have the constitutional authority to determine what is, and what is not, property of the bankruptcy estate, to order turnover of the estate property, and to determine whether another's interest in that property should be invalidated.

## *Conclusion*

The Court hereby determines it has subject matter jurisdiction, and

---

[7] *See also Williams v. Laughlin (In re Laughlin)*, No. 09-35842-H4-07, 2012 WL 1014754, at *8 (Bankr. S.D. Tex. Mar. 23, 2012) (holding, "[t]he Court . . . may exercise authority over essential bankruptcy matters under the 'public rights' exception . . . . The Bankruptcy Code is a public scheme for restructuring debtor-creditor relations, necessarily including 'the exercise of exclusive jurisdiction over all of the debtor's property, the equitable distribution of that property amount the debtor's creditors, and the ultimate discharge that gives the debtor a 'fresh start' by releasing him, her, or it from further liability for old debts.'") (quoting *Katz*, 546 U.S. at 363-64).

MEMORANDUM OF DECISION – 15

the statutory and constitutional authority, to hear, decide and enter final orders and a judgment in this adversary proceeding. Hope's objection to the Court's subject matter jurisdiction and authority is overruled.

Dated: April 1, 2013

_____
Honorable Jim D. Pappas
United States Bankruptcy Judge